STATE ex rel SHARPE, Atty. Gen., Plaintiff, v. SMITH, Supt. of Banks, Defendant.

(234 N. W. 525.)

(File No. 7209.  Opinion filed January 21, 1931.)

*M. Q. Sharpe,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for Plaintiff.

*M. G. Luddy* and *T. M. Bailey,* both of Sioux Falls, *T. B. Thorson,* of Pierre, and *Roy E. Willy,* of Sioux Falls, for Defendant.

PER CURIAM. This proceeding was instituted January 17, 1931, seeking certain relief against defendant superintendent of banks, and asking injunctional relief pending the determination of this action. An order to show cause was issued January 17, 1931, returnable January 19, 1931, directing defendant to show cause why the injunction pendente lite should not issue, and embraced in said order to show cause was an order immediately restraining the defendant, until further order of this court, from depositing or permitting to be deposited any funds under his official control in the Farmers' State Bank of Platte, S. D., or in any bank in this state operating with impaired capital, insufficient reserve, or excess loans to stockholders. At the return date of the order to show cause the hearing was continued by stipulation of counsel to this date.

There is now pending and proceeding before the governor of this state a hearing to determine whether or not there is cause for defendant's removal from office.

It is apparent that final determination of the question of removal from office, either for or against such removal, will automatically render moot a number of questions presented at the present stage of this proceeding.

It is further apparent that, in order to rule upon the present request in this case for further injunctional relief, it would be necessary for this court to make an independent determination, to a greater or lesser extent, of certain questions involved in the proceedings now pending before the Governor—for example, as to the propriety of the conduct, or claimed conduct of defendant in making certain deposits of funds, etc.

So far as the present proceeding is concerned, the temporary restraining order now in effect (no violation of which is claimed, and to which defendant does not seriously object) is ample to preserve for the present the status quo.

This court does not deem it proper to announce views at this time with reference to questions which may be, and probably are, involved in the pending proceeding before the chief executive, and

the determination of which, under present circumstances, and in the first instance at least, is doubtless for him to make.

It is therefore pointless to occupy counsel or this court, at this time, with argument upon the order to show cause now for hearing, and the present order of this court will be that so much of the order of January 17, 1931, herein as temporarily restrains and enjoins defendant from certain acts therein enumerated be, and it is hereby, continued in full force and effect until the further order of this court; and that further hearing upon the order to show cause herein returnable January 19, 1931, and continued to this date, be, and it is hereby, continued until such date as this court may hereafter fix.

MISER, C., sitting in lieu of ROBERTS, J.

All the Judges concur.